ANDRÉ BIROTTE JR.
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN K. LOKEY (Cal. Bar No. 211373)
Assistant United States Attorney
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6926
    Facsimile: (951) 276-6237
    E-Mail: sean.lokey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-00820 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JUSTIN KELLY DAWSON |
| v. | |
| JUSTIN KELLY DAWSON, | |
| Defendant. | |

1. This constitutes the plea agreement between JUSTIN KELLY DAWSON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charge violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), the following must be true:

(1) the defendant knowingly possessed methamphetamine; and

(2) the defendant possessed methamphetamine with the intent to distribute it to another person.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the information.

4. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth for count one below, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute at least 50 grams of actual methamphetamine. Defendant admits that defendant, in fact, possessed with the intent to distribute at least 50 grams of actual methamphetamine as described in count one of the information.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in count one of the information is: life imprisonment; a lifetime period of supervised release; a fine of $4,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in count one of the

1  information, is ten years' imprisonment, followed by a five year
2  period of supervised release.
3      7.  Supervised release is a period of time following
4  imprisonment during which defendant will be subject to various
5  restrictions and requirements.  Defendant understands that if
6  defendant violates one or more of the conditions of any
7  supervised release imposed, defendant may be returned to prison
8  for all or part of the term of supervised release, which could
9  result in defendant serving a total term of imprisonment greater
10 than the statutory maximum stated above.
11     8.  Defendant understands that, by pleading guilty,
12 defendant may be giving up valuable government benefits and
13 valuable civic rights, such as the right to vote, the right to
14 possess a firearm, the right to hold office, and the right to
15 serve on a jury.  Defendant understands that once the court
16 accepts defendant's guilty plea, it will be a federal felony for
17 defendant to possess a firearm or ammunition.  Defendant
18 understands that the conviction in this case may also subject
19 defendant to various other collateral consequences, including but
20 not limited to revocation of probation, parole, or supervised
21 release in another case and suspension or revocation of a
22 professional license.  Defendant understands that unanticipated
23 collateral consequences will not serve as grounds to withdraw
24 defendant's guilty plea.
25     9.  Defendant understands that, if defendant is not a United
26 States citizen, the felony conviction in this case may subject
27 defendant to removal, also known as deportation, which may, under
28 some circumstances, be mandatory.  The court cannot, and

3

defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that by entering a guilty plea defendant waives any claim that unexpected immigration consequences may render defendant's guilty plea invalid.

10. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea (or pleas) of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 15 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

On February 4, 2010, in Riverside County, within the Central District of California, defendant knowingly and intentionally possessed with the intent to distribute 50 grams or more, that is, approximately 53.4 grams of actual methamphetamine, a schedule II controlled substance.

Specifically, on February 4, 2010, defendant was driving a green Lincoln automobile in the city of Riverside, California.

Defendant possessed the 53.4 grams of actual methamphetamine inside a bag belonging to him that was stored in the trunk of the vehicle he was driving. The methamphetamine was further concealed inside the bag in a "gunk" can with a false bottom, and was stored inside the "gunk" can in 9 clear ziploc baggies. Defendant knew that the bag in the trunk belonging to him contained the methamphetamine and intended that the methamphetamine be distributed. Laboratory tests confirmed there to be 53.4 grams of actual methamphetamine in the 9 clear ziploc baggies.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

1      f)  The right, if defendant wished, to testify on
2 defendant's own behalf and present evidence in opposition to the
3 charges, including the right to call witnesses and to subpoena
4 those witnesses to testify.
5      g)  The right not to be compelled to testify, and, if
6 defendant chose not to testify or present evidence, to have that
7 choice not be used against defendant.
8      By pleading guilty, defendant also gives up any and all
9 rights to pursue any affirmative defenses, Fourth Amendment or
10 Fifth Amendment claims, and other pretrial motions that have been
11 filed or could be filed.

## WAIVER OF DNA TESTING

13.  Defendant has been advised that the government has in
its possession the following items of physical evidence that
could be subjected to DNA testing:

red and black "JUSTINCASE" zip up bag;

"Gunk" hide a can;

9 clear ziploc baggies;

Remington Wingmaster model 870 shotgun (12 gauge), serial # V856107V and 5 live 12 gauge shotgun shells;

Norinco Mak-90 Sporter assault rifle, 7.62x39, serial #94131002;

Smith and Wesson .40 caliber semi-automatic handgun, serial #R8A4670 and handgun magazine with one live .40 caliber bullet; and

Ruger Model P95DC semi-automatic handgun, serial # 816-02227 and magazine with 10 live 9mm rounds.

Defendant understands that the government does not intend to

conduct DNA testing of any of these items for DNA testing and does not intend to conduct any further DNA testing of those items or any other items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

## SENTENCING FACTORS

14. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established

7

1  under the United States Sentencing Guidelines ("U.S.S.G." or
2  "Sentencing Guidelines"), in determining defendant's sentence.
3  Defendant further understands that the Sentencing Guidelines are
4  advisory only, and that after considering the Sentencing
5  Guidelines and the other § 3553(a) factors, the Court may be free
6  to exercise its discretion to impose any reasonable sentence up
7  to the maximum set by statute for the crime of conviction.
8       15.  Defendant and the USAO agree and stipulate to the
9  following applicable sentencing guideline factors:

   Base Offense Level    :    32   [U.S.S.G. § 2D1.1(c)(4)]
   [50g-150g actual
      methamphetamine]

13 Defendant and the USAO reserve the right to argue that additional
14 specific offense characteristics, adjustments and departures are
15 appropriate.  Defendant also understands that defendant's base
16 offense level could be increased if defendant is a career
17 offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that
18 defendant's offense level is so altered, the parties are not
19 bound by the base offense level stipulated to above.
20      16.  There is no agreement as to defendant's criminal
21 history or criminal history category.
22      17.  Defendant and the USAO, pursuant to the factors set
23 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
24 (a)(7), further reserve the right to argue for a sentence outside
25 the sentencing range established by the Sentencing Guidelines.
26      18.  The stipulations in this agreement do not bind either
27 the United States Probation Office or the Court.  Both defendant
28 and the USAO are free to: (a) supplement the facts by supplying

relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

19. Defendant agrees that he or she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## THE USAO'S OBLIGATIONS

20. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

   a) To abide by all sentencing stipulations contained in this agreement.

   b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

   c) Not to file an information pursuant to Title 21, United States Code, Section 851, alleging defendant's two prior felony drug convictions sustained on October 3, 2003, in the Riverside County Superior Court, Case Number RIF112552, and on April 10, 2008, in the Riverside County Superior Court, Case Number RIF138200, which would have increased the statutory mandatory minimum sentence to life imprisonment without release.

   d) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for defendant's conduct described in the stipulated factual basis set forth in paragraph 11 above or violations of 18 U.S.C. §§ 922(g) and 924(c) arising out of the possession of weapons found on February 4, 2010 at 4397 Cover Street, Riverside, California. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after

10

the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

## BREACH OF AGREEMENT

21. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charges that were either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 29 or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered

evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the Court's Sentencing Guidelines calculations, provided that (a) the Court does not depart downward in offense level or criminal history category and (b) the Court determines that the total offense level is 29 or above and imposes a sentence within the range corresponding to the determined total offense level and criminal history category.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.

1  Defendant agrees that the choice among these three options rests
2  in the exclusive discretion of the USAO.

### COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw his guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

27. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     7/21/10
SEAN K. LOKEY                         Date
Assistant United States Attorney

     I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     7-19-10
JUSTIN KELLY DAWSON                   Date
Defendant

     I am JUSTIN KELLY DAWSON's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed

1 | and voluntary one.

*[signature]*

JOAN POLITEO
Deputy Federal Public Defender
Counsel for Defendant
JUSTIN KELLY DAWSON

Date 7/19/10